UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:14-cr-0067-SEB-DML |
| | ) | |
| FELLIPE MAGUELLAL, | ) | - 04 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On October 20, 2020, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on May 14, June 2, July 2, August 7, and October 6, 2020.  Defendant Maguellal  appeared in person with his appointed counsel Michael Donahoe. The government appeared by Michelle Brady Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.\tThe Court advised Defendant Maguellal of his rights and provided him with a copy of the petitions  Defendant Maguellal orally waived his right to a preliminary hearing.

2.\tAfter being placed under oath, Defendant Maguellal admitted violation numbers 1, 2, 3, 4, 5, and 6 . [Docket Nos. 713, 728, 739, 749, and 761.]

3.\tThe allegations to which Defendant admitted, as fully set forth in the petitions, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."** |
| | On May 8, 2020, the offender was arrested by Indianapolis Metropolitan Police Department for Possession of Marijuana, Reckless Driving and Violating the Stay at Home Order. Charges of Reckless Driving were filed by the Marion County Prosecutor's Office under 49G20-2005-CM-015795, and he is scheduled to appear in Court on June 17, 2020. |
| 2 | **"The defendant shall not unlawfully possess or use any controlled substance ."** |
| | On November 15, 2019, and December 17, 2019, Mr. Maguellal submitted urinalyses that yielded positive for cannabinoids. On November 14, 2019, a urinalysis was collected that was tampered, and the offender later admitted tampering with the specimen to conceal his use of marijuana. He denied new marijuana use from November to December 2019. These violations were initially handled in an administrative manner, by modifying his conditions to include the completion of the Moral Reconation Therapy Program (MRT). |
| 3 | **"The defendant shall not unlawfully possess or use any controlled substance ."** |
| | On May 21, 2020, Mr. Maguellal submitted a urinalysis that yielded positive for cannabinoids. When confronted on May 28, 2020, about the positive drug screen, he denied any use of illicit substances. |
| 4 | **"The defendant shall not unlawfully possess or use any controlled substance ."** |
| | On June 4 and 24, 2020, Mr. Maguellal submitted a urinalysis that yielded positive for cannabinoids. His last reported positive test result was May 21, 2020, thus the test from June 24, 2020, would indicate new or continued marijuana use. |
| 5 | **"The defendant shall not unlawfully possess or use any controlled substance ."** |
| | On August 4, 2020, Mr. Maguellal submitted a urinalysis that yielded positive for cannabinoids. Mr. Maguellal admitted smoking marijuana on the weekend prior to the test. |

    6    **"The defendant shall not unlawfully possess or use any controlled substance ."**

    On September 28, 2020, Mr. Maguellal submitted a urinalysis that yielded positive for cannabinoids. Mr. Maguellal admitted smoking marijuana to produce the positive result.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is I .

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5. The parties jointly recommended a modification to include Radio Frequency monitoring for a period of 90 days.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be modified as follows:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    Justification: Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

14. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

15. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

    Justification: Conditions 14-15 are recommended given the offender's history of substance abuse and his prior criminal history for narcotics possession and distribution. This condition will assist in monitoring his sobriety and assist in provided substance abuse services if necessary.

16. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware

or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: This condition is recommended given the offender's criminal history including an offense of violence, narcotics possession and narcotics trafficking. This will assist in monitoring his compliance on supervision and add a measure of protection for the community.

17. You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program.

    Justification: This condition is recommended given the offender's violation of societal rules, his skewed thinking and will address his elevated thinking styles.

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release. In addition to the above noted conditions, the defendant agreed to the following modification which was read into the record:

18. You shall be monitored by Radio Frequency for a period of 90 days, to commence as soon as practical, and shall abide by all the technology requirements. You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 10/23/2020

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system