UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-cr-0067-SEB-DML |
| | ) | |
| FELLIPE MAGUELLAL, | ) | - 04 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on July 12, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on July 27, and August 17, 2021, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On July 27, and August 17, 2021, defendant Fellipe Maguellal appeared in person with his appointed counsel, Dominic Martin. The government appeared by Michelle Brady, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Angela Smith, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Maguellal of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Maguellal questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Maguellal and his counsel, who informed the court they had reviewed the Petition and that Mr. Maguellal understood the violations alleged. Mr. Maguellal waived further reading of the Petition.

3. The court advised Mr. Maguellal of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Maguellal was advised of the rights he would have at a preliminary hearing. Mr. Maguellal stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Maguellal of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Maguellal, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess or use any controlled substance."**<br><br>Mr. Maguellal submitted urinalysis' that yielded positive for cannabinoids on November 15, and December 17, 2019; May 21, June 4, 24, August 4, September 28, November 18, 2020; and July 1, 2021. |

6. The court placed Mr. Maguellal under oath and directly inquired of Mr. Maguellal whether he admitted Violation Number 1 of his supervised release set forth above. Mr. Maguellal admitted the violation as set forth above.

7. The parties and the USPO further stipulated:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Maguellal's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of Mr. Canter's supervised release, therefore, is 3 - 9 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a sentence of nine (9) months with no supervised release to follow. Defendant argued for a lesser sentence.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, FELLIPE MAGUELLAL, violated the above-specified condition in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to four (4) months imprisonment with no further

supervised release to follow. In particular, the court notes that numerous prior violation petitions have been filed and that the court previously modified the terms of supervised release to assist Mr. Maguellal to come into compliance. Nevertheless, he has continued his pattern of violations. The court further notes that revocation is statutorily mandatory.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Maguellal entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. '3561 *et seq*. and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the

Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Maguellal's supervised release, imposing a sentence of four (4) months with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 8/20/2021

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system